## PETERSBURG SAV. & INS. CO. et al. v. DELLATORRE et al.

(Circuit Court of Appeals, Fifth Circuit. November 19, 1895.)

### No. 347.

1. FINALITY OF DECREE—RAILROAD FORECLOSURE.

In railroad foreclosure proceedings a decree of foreclosure and sale was entered, with a reference to a master to ascertain and report the amount of the mortgage indebtedness, the proper allowances to be made to the receiver as compensation and for expenses, the amount of receiver's certificates outstanding, and the proper allowances to the trustee and its solicitors. On the coming in of the master's report a decree was entered confirming the same, though no sale had yet been made. *Held,* that the latter decree, taken in connection with and aided by the former one, terminated the litigation on the merits, and fixed the respective rights of the parties, and that it was consequently a final decree, which could not be modified or altered after the close of the term.

2. RAILROAD FORECLOSURES—PRIORITIES—ALLOWANCES TO TRUSTEE AND SOLICITORS—RECEIVER'S CERTIFICATES.

The trustee in a railroad mortgage and its solicitors in the foreclosure of the same are not entitled to priority in respect to their claims for compensation, over receiver's certificates issued under decretal orders.

3. SAME—ALLOWANCES TO RECEIVERS AND THEIR SOLICITORS.

Allowances to railroad receivers and their solicitors as compensation for services rendered are taxable as part of the costs, and as such are entitled to priority over the receivers' certificates.

4. PRACTICE ON APPEAL—ASSIGNMENTS OF ERROR—MOTION TO STRIKE.

A motion to strike out an assignment of error on the ground that it was not well taken is not proper practice, as the question whether the assignment is well taken is the ultimate question in every contested appeal.

Appeal from the Circuit Court of the United States for the Southern Division of the Northern District of Alabama.

The appellants are the holders of receiver's certificates issued by the receiver of the Birmingham, Powderly & Bessemer Street-Railroad Company, appointed in two causes in the court below, in each of which the appellees were complainants and the said street-railroad company was defendant. The last of these causes was a bill filed by the complainants to foreclose two mortgages executed by the defendant to said Mercantile Trust & Deposit Company, as trustee; its co-complainant, Dellatorre, being a holder and owner of bonds secured by both mortgages. In that cause there was entered, on September 29, 1892, a decree of foreclosure and sale, with an order of reference to the master to ascertain and report the amount of the outstanding

and unpaid receiver's certificates, the expenses and compensation of the receiver and his solicitors, allowances to the trustee for itself and its solicitors, and all other charges, including the outstanding mortgage indebtedness. On the report of the master a further decree, confirming the same, was entered on January 11, 1893. The sale has not yet been made. The receiver's certificates, amounting to the sum of $40,000, with interest thereon, remain due and unpaid. They were duly issued under decretal orders made in the cause, and there is no question as to their validity, or as to the amount due on them. The order authorizing the issue of these certificates declared that they should be "a first lien upon all the property, effects, rights, and franchises of said railroad company, prior to the lien of the mortgages described in the complainant's bill and to all other liens thereon." There were allowances made by the court aggregating, besides taxable court costs, $19,411.20, thus: To the trustee, as compensation, $1,000; to the trustee, as expenses, $911.20; to the trustee, as compensation to its solicitors, $10,000; to the receiver, as compensation, $5,000; to the receiver, as compensation to his solicitors, $2,500. By the decree appealed from these allowances were given priority over the receiver's certificates. It appears from the record that the property will not bring at a sale a sufficient sum to pay the costs, allowances, certificates, and other debts which have priority over the bonds secured by the mortgages.

John P. Tillman and Frank W. Christian, for appellants.

Frank A. Clark, A. C. Howze, John White, J. W. Smith, E. K. Campbell, and E. K. Montgomery, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge, after stating the case as above, delivered the opinion of the court.

The questions raised by the assignments of error involve the priority of payment of the receiver's certificates, the other debts contracted by him, of the allowances made by the court below, and of the reasonableness of said allowances. The record embraces three appeals, taken from three separate decrees rendered in the cause, the last of which was entered on November 9, 1894. As substantially the same questions are raised upon each of the appeals, we deem it necessary for the decision of the case to consider only the appeal from the last decree, which is confessedly final and appealable, while the other two decrees may be considered as interlocutory decrees. They are in fact so treated by both the counsel for the appellants and the appellees. The appellees move the court to dismiss the appeals taken from the two first-mentioned decrees. From the view we take of the case, it is unnecessary for us to pass upon these motions.

1. Our opinion is that the decree of November 9, 1894, was erroneous, because it modified and altered the decree of January 11, 1893, rendered at a former term of the court, and which was a final decree. "A decree of sale in a foreclosure suit, which settles all the rights of the parties, and leaves nothing to be done but to make the sale and pay out the proceeds, is a final decree." Grant v. Insurance Co., 106 U. S. 429, 1 Sup. Ct. 414; Green v. Fisk, 103 U. S. 518; Railroad Co. v. Swasey, 23 Wall. 405. "A decree which terminates the litigation between the parties on the merits of the case is a final decree." Bostwick v. Brinkeroff, 106 U. S. 3, 1 Sup. Ct. 15. The decree of September 29, 1892, was a decree of foreclosure and sale, and of

reference to the master to ascertain and report the amount of the mortgage indebtedness, of proper allowances to be made to the receiver as compensation and expenses, of the amount of receiver's certificates outstanding, and of proper allowances to the trustee and its solicitors. The decree of January 11, 1893, was a decree of confirmation, and, taken in connection with and aided by the decree of September 29, 1892, terminated the litigation between the parties to the suit on the merits of the case, fixed their respective rights, and was a final decree, which passed beyond the control of the court at the close of the term at which it was rendered. "A final decree cannot be vacated, altered, or modified after the close of the term at which it was rendered." Bronson v. Schulten, 104 U. S. 410; Williams v. Morgan, 111 U. S. 684, 4 Sup. Ct. 638; Central Trust Co. v. Grant Locomotive Works, 135 U. S. 224, 10 Sup. Ct. 736.

2. The decree of November 9, 1894, was also erroneous, and must be reversed, because it gave to the amounts allowed to the trustee and its solicitors as their compensation and expenses priority over the receiver's certificates. It is a general principle that, when a trust fund is brought into court for administration and distribution, it must bear the expense incurred in proper proceedings taken for the purpose. That expense necessarily includes reasonable counsel fees. The counsel not only represents the complainant who employs him to represent his interest in the suit, but he incidentally represents all others having a common and like interest in the suit and in the fund brought by it into court, and who avail themselves of his services, and share in the benefits. It is but equitable and just that he should be compensated by all parties thus interested, and that he should have a lien on the fund for his compensation to the extent of their interest in it. But the rule cannot justly apply against one who sets up in himself an independent right to the property or fund in litigation. The holders of the receiver's certificates are clearly not of the same class, having a similar interest in the subject-matter of the litigation with the complainants, who bring the suit for themselves and all others having an interest in the mortgages sought to be foreclosed by the suit. They do not share in the benefits of that suit. Their right is independent of it, and their claim involves an antagonistic interest to that of the complainants. "After the fund or property has been brought in and made available by the decree of the court, and nothing remains but the proper administration and distribution, contests which may arise between claimants in respect to priorities or to the right to share are individual contests, involving antagonistic interests." Strong v. Taylor, 82 Ala. 213, 2 South. 760; Hand v. Railroad Co., 21 S. C. 162; Miller v. Kehoe (Cal.) 40 Pac. 485; Trustee v. Greenough, 105 U. S. 527; Railroad Co. v. Pettus, 113 U. S. 116, 5 Sup. Ct. 387; Bound v. Railway Co., 59 Fed. 509. The solicitors for the complainants have a lien on any fund in court going to their clients, who are the parties interested in the foreclosure suit, and they are entitled to be paid from that fund before their clients are paid (Ex parte Lehman, Durr & Co., 59 Ala. 631; Railroad Co. v. Pettus, supra), but such lien should be postponed to that of the holders of the receiver's

certificates, who are entitled to priority of payment over the allow-- ance to the trustee and its solicitors. We consider the allowance as compensation to the receiver and his solicitors as part of the taxable costs in the case, and as such is preferred to the receiver's certificates, and entitled to prior payment.

3. We express no opinion as to whether the amounts allowed to the trustee and to its solicitors and to the receiver and his solicitors are excessive. We appreciate the fact that "no question can arise in a case giving greater embarrassment to a judge personally than the question of counsel fees," yet we fully concur with the supreme court of Alabama in the opinion expressed in Strong v. Taylor, supra, that "the courts, while observing principles of equity, and a fair consideration of the value and utility of the services rendered, should be cautious not to award excessive or improper allowances, whereby just criticism may be provoked." But the allowances in this case were settled by the decree of January 11, 1893, which was a final decree. From that decree no appeal has been taken. On the hearing of this case there was submitted by the appellees a motion to strike out certain assignments of error relating to the amount of said allowances. A motion to strike out an assignment of error because not well taken is not good practice. If permitted, it being a preliminary question, the court could be called on to hear the case by piecemeal; for in every contested appeal the ultimate question is whether the assignment of error is well taken. The motion to strike out is denied. The decrees appealed from are reversed, and the cause is remanded, with directions to the court below to enter a decree in accordance with the views expressed in this opinion.