JOHN P. BYRNE ET AL. v. FIRST NATIONAL BANK OF LAKE CHARLES, LA., ET AL.

Decided January 26, 1899.

**1. Receivership—Right of Creditors to—Partnership Business.**

Simple contract creditors of a partnership whose property is in the possession and control of the surviving partner may, for the latter's misconduct, such as fraud, mismanagement, and waste, have the property placed in the hands of a receiver and the business of the dissolved partnership wound up under the supervision of the court.

**2. Same—Practice on Appeal.**

A judgment rendered after final trial of the cause will not be reversed for refusal of the court to vacate the appointment of a receiver, where no appeal was taken from the order appointing him, and the evidence upon which the receivership was granted does not appear in the record.

**3. Same—Prior Lien Does Not Prevent Receivership.**

The fact that a prior attachment lien has been acquired upon the property will not necessarily prevent the appointment of a receiver, and his taking the attached property into his custody is not necessarily injurious to the rights of the attachment lienholders.

**4. Same—Costs Chargeable to Prior Lienholder.**

One having a prior valid attachment lien on property placed in the hands of a receiver should be charged with only so much of the costs of its care as constitute the difference, if any, between the costs of conserving and disposing of the property

by the sheriff under the attachment levy, and the costs incurred about the property by the receiver.

**5. Same—Attorney Fees as Costs.**

Partnership property placed in the hands of a receiver is subject to the necessary expense, including a proper attorney fee, incurred in preserving it from waste or misappropriation by the surviving partner of the dissolved partnership.

**6. Attachment—Discrepancy Not Vitiating.**

An attachment is not necessarily rendered invalid by a discrepancy between the amount actually due as developed by the evidence upon the trial upon the notes sued on, and the amount alleged to be due in the affidavit for the attachment.

**7. Receivership—Right of Creditor Having Prior Lien.**

A creditor holding a prior valid lien upon some of the property of a firm placed in the hands of a receiver has the right to participate in the distribution of the general assets to the amount of her debt not satisfied by the sale of the property covered by her lien.

APPEAL from Galveston. Tried below before Hon. W. H. STEWART.

*Lovejoy, Sampson & Malevinsky* and *S. W. Jones,* for appellants.

*Spencer & Kincaid* and *Pijo & Moss,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—The appellant, Theresa Buckley, instituted suit against John P. Byrne, the surviving partner of the firm of Byrne & Jones, on two promissory notes, each for the sum of $4000, executed by said firm to the plaintiff Buckley, both of said notes being payable on demand, one dated June 1, 1893, and the other dated May 4, 1895; the first note bearing 7 per cent per annum interest, and the second 8 per cent per annum interest. At the time of the filing of the petition the plaintiff sued out a writ of attachment and levied same on all the personal and real property of the said firm in the possession of the surviving partner thereof, the said Byrne, the ground of the attachment being, that the defendant Byrne is about to dispose of the property of said firm, with intent to defraud the creditors thereof; the amount of indebtedness alleged to be due plaintiff, including principal and interest, was $9336.66. The property attached was insufficient to pay such debt.

On the same day this attachment was sued out, the 5th day of September, 1895, the First National Bank of Lake Charles, La., instituted suit against the said Byrne, as surviving partner of the firm of Byrne & Jones, and the said Theresa Buckley and Albert Dirks, the sheriff of Galveston County, who levied the attachment sued out by said Buckley. The petition alleged that the plaintiff, the said bank, and the parties in said petition named, and for whose benefit, as well as its own, the plaintiff sued, were creditors of the said firm of Byrne & Jones, and that their several debts due them from said firm were evidenced by certain acceptances of said firm which were duly described in the petition, and which, though long since due, the said Byrne, though often requested to do so, had failed and refused to pay. The petition further averred that the claim sued out by the said Buckley in her suit against the said Byrne, was fictitious, and that she had combined with said Byrne, who was a nephew of the

said Buckley, for the purpose of defrauding the creditors of the firm of Byrne & Jones; that Byrne was in possession of all the assets of said firm, was mismanaging and wasting the same; that he, instead of closing the business of the late firm, was continuing the same with the assets of the firm; that he had taken out temporary letters of administration upon the estate of his deceased partner, and that this administration he had caused to be continued from time to time, and had never taken out permanent letters of administration; that the sureties upon his bond were insolvent; that neither he nor his deceased partner were possessed of any estate other than their interest in the assets of their firm; that Byrne's habits of intemperance rendered him unfit for the administration of the assets of said firm; that by his fraudulent combination with the said Theresa Buckley, her suit against him would not be defended, and that judgment would be obtained by her upon her false and fraudulent claim, and that the creditors of said firm would be irreparably injured if the said judgment should be obtained and collected out of the assets of said firm by the said Buckley, she being a resident of the kingdom of Ireland, and the value of said assets being about $10,000. The petition also averred that the county judge for Galveston County was absent from the county, and would be absent for some time. Upon these allegations the plaintiff prayed for a temporary injunction restraining the said Buckley and the said Dirks from further levying upon or otherwise interfering with the assets of said firm, and that a receiver be appointed to take into custody all of the property, real and personal, and the choses in action of said firm, and to keep and preserve the same under the supervision of the court, and for such relief for plaintiff and the other creditors of the said firm as under the facts they might be entitled to.

The prayer of the petition for injunction was granted and served upon the defendants, and they were notified to appear before the court at a future day, and show cause why a receiver should not be appointed as prayed for.

On the 18th of September, 1896, Byrne answered:

1. That the petition failed to allege facts sufficient to establish a valid claim against the firm of Byrne & Jones; that the petition is without equity, and plaintiffs not entitled to the relief prayed for.

2. That the allegations of the petition are not sufficiently positive, full, or specific to authorize the granting of the injunction or the appointment of a receiver.

The defendant denied all the allegations of the petition, save such as he admitted, and he especially denied that he was mismanaging the assets of the said firm, or squandering or wasting the same. He admitted that he was in possession of the assets, as the surviving member of the late firm of Byrne & Jones; admits that he qualified as temporary administrator of the estate of said Jones, but denies that the sureties upon his administration bond are insolvent; avers that the administration has been confided by him to his attorney, and he admits that he is possessed

of no property other than his share of the assets of the firm of Byrne & Jones; and he specifically denies the charge of fraudulent combination with the said Theresa Buckley, made in the petition, and avers that he was wholly ignorant of the intention of the said Buckley to sue him or to attach the property of the said firm; and he avers that the notes sued on by the said Buckley were executed by himself and his partner for money loaned to them by the said Buckley, and by them borrowed for and used in the business of said firm, and that said notes are valid and subsisting obligations of said firm, and defendant prays that the injunction granted by the court be dissolved, and the cause against him be dismissed and that he go hence without day and with his costs. This answer was under oath.

On the 19th of September, 1896, the defendant Theresa Buckley answered by demurrer:

1. That the petition showed no equity on its face entitling the plaintiff to the relief prayed for, or for any relief against the defendant.

2. That the allegations were not sufficiently full, positive, or specific to authorize the writ of injunction prayed for.

3. That the allegations of the plaintiff's petition, charging collusion between her and her codefendant Byrne, are wholly insufficient, in that they set forth no facts constituting fraud or collusion, but are mere conclusions.

The defendant answered under oath, denying that her claim against the firm of Byrne & Jones was false and fictitious, but averred that the same was a valid and subsisting debt due her from the said firm, and she denied all combination and collusion between herself and the said Byrne for the purpose of creating a lien upon the properties of said firm of Byrne & Jones, or for sacrificing the same; and averred the proceedings instituted by her against the said Byrne were instituted without fraud or collusion and for the sole purpose to collect her debt.

The defendant Dirks answered that he had attached certain of the property of the firm of Byrne & Jones, under and by virtue of a writ, valid on its face, issued to him, as sheriff of the county, from the District Court of Galveston County, and that since the service of the injunction heretofore issued in this cause upon him, he had held said property subject to the order of the court; and on the same day, to wit,the 19th of September, 1896, the plaintiffs, with leave of the court, filed their first amended original petition, and the Galveston National Bank and Chambers, Roy & Company, Incorporated, were allowed to intervene, and all parties being before the court and announcing ready for the hearing of the plaintiff's application for the appointment of a receiver, the application was heard, and the same was granted, and B. R. A. Scott was duly appointed receiver of said property, and ordered by the court to take possession of the entire assets of the said firm of Byrne & Jones, and to make and return an inventory to the court of said assets, and to designate upon said inventory, so that it can be distinguished from the rest of said assets, the personal property held by Albert Dirks, sheriff, under the

writ of attachment sued out by Theresa Buckley against the defendant Byrne; and the receiver was directed to sell the personal property, either in bulk or in parcels, as might seem best adapted to secure the highest price, and with as little cost or expense as practicable. The decree recited that the receiver was appointed subject to the rights of all persons holding liens or claims superior to the one of the plaintiffs and interveners, and all persons holding such liens or claims were ordered to intervene in the suit, and R. M. Franklin, Esq., was at the same time appointed master in chancery.

On the 26th day of July, 1897, the defendant Buckley filed an amended original answer, which consists of an amplification of the matters averred in the original answer, with the additional averments, that she acquired a lien upon the property attached in her suit against Byrne, superior to all claims of the plaintiffs and interveners in this suit, and that her debt is still due and unpaid, and that her lien is still in force, never having been released or discharged; and with prayer that she have judgment for her debt and costs, and that her lien be declared to be superior to any asserted by other parties to this suit, and that the receiver be ordered to turn over the property of the said firm of Byrne & Jones, covered by her said attachment, or the proceeds of the sale of same to defendant, and for such further relief as she may be entitled to.

The defendant Byrne and the defendant Buckley each filed a motion to vacate the order of court appointing a receiver of the properties of the firm of Byrne & Jones; these motions being based upon the matters set up in their respective answers to the order of the court requiring them to show cause why a receiver should not be appointed under the prayer of the plaintiffs, as well as the matters set up in their answers to the petition, and upon the further allegations that the pleadings and the evidence show that the plaintiffs nor the interveners have any lien, by either judgment or contract, or otherwise, upon the property of the firm of Byrne & Jones. These motions were overruled, but there was no appeal by either defendant from the order appointing a receiver.

Previous to the trial of the cause, this suit and the suit of Buckley v. Byrne, surviving partner of the firm of Byrne & Jones, were consolidated, and the parties in the latter suit were treated as interveners. Upon final hearing, March 17, 1898, judgments were rendered for the plaintiffs and the interveners, and defendant Buckley, for their respective debts against defendant Byrne as surviving partner of Byrne & Jones; the judgment for intervener Buckley being for the amount of the notes sued on by her, less credits, amounting in the aggregate to about $1700, and her debt was decreed to be a lien upon the property attached by her, superior to any lien asserted by the plaintiffs and other interveners; but subordinate, however, to the costs of the receivership, including the expense of conserving the attached property, and its sale by the receiver; and the proceeds of the sale of the other assets by the receiver, after deducting the receiver's costs, and the commissions due the master in chancery, and the sum of $250 allowed to the plaintiffs as an attorney's fee,

were ordered to be distributed pro rata among the creditors whose claims were established by the decree, including the balance due the intervener Buckley, after the appropriation by her of the amount allowed her out of the proceeds of the sale of the attached property. But all disbursement of said moneys, except items of costs due the officers of court, and specified in paragraphs 4 and 5 of the decree, were suspended until the expiration of the time allowed for the prosecution of an appeal from the judgment, and until the determination of the appeal, if there be one taken.

To the judgment all parties excepted and gave notice of appeal.

On the 16th of March, 1898, the defendant Buckley filed a motion to retax the costs, praying that the item of expense, care, and sale of attached property amounting to $1010.49, second, compensation to receiver out of funds realized from sale of other property than that covered by attachment, $543.92, be taxed against the plaintiffs; because the plaintiffs were cast in this suit as to her, and because all said costs were incurred after the appointment of the receiver in this cause. This motion was denied by the court on the 21st of March, 1898, and on the 28th of March, 1898, the appellants Byrne and Buckley perfected their respective appeals to this court; and the plaintiffs filed cross-assignments and here present the same for our consideration in connection with the assignments of the appellants. Before disposing of the assignments and cross-assignments of error, we will state our conclusions of fact.

There was no collusion between the appellants Buckley and Byrne, as charged by the plaintiffs, for the purpose of misappropriating the assets of the firm of Byrne & Jones, or otherwise defrauding the creditors of that firm, but the notes sued on by the appellant Buckley were valid and subsisting obligations of the said firm, and the amount of these notes, less the credits to which they were subject as shown by the judgment, were justly due to Mrs. Buckley. Mrs. Buckley is a resident of Ireland, and the suit was brought for her by her agent, and the evidence does not show a fraudulent purpose in attaching for an alleged indebtedness exceeding the actual debt by some $1700. But our conclusion is, the purpose of the suit, and of suing out and levying the attachment, was to collect what was really due the plaintiff. The claims of the several plaintiffs and interveners were valid and subsisting debts severally due them from the firm of Byrne & Jones; but these claims were all simple contract debts, and none of the claimants had a lien either by contract or by judgment upon any of the property belonging to the firm of Byrne & Jones. The defendant Byrne, a short time prior to the institution of the plaintiff's suit, had stated to one of the plaintiffs that the indebtedness of his firm, exclusive of the debts evidenced by the acceptances of the firm, for the recovery of which the plaintiffs' suit was subsequently brought, did not much exceed $3000, when in fact such indebtedness was nearly three times that sum.

Byrne was the nephew of Mrs. Buckley, and her agent, who made the affidavit upon which the attachment was based, was his brother-in-law. Byrne nor his deceased partner, Jones, was possessed of any property

other than that belonging to the partnership of Byrne & Jones, and the value of the whole of the assets of said firm was about $10,000. Byrne had taken out temporary letters of administration upon the estate of his deceased partner, but nothing further seems to have been done in the probate court in the matter of that estate.

The appellants, under appropriate assignments, urge various reasons for the reversal of the judgment rendered upon the final hearing of the cause.

First, it is insisted by both appellants that their demurrers to the plaintiffs' petition, which disclosed that the plaintiffs were only simple contract creditors, and without lien upon the property of their debtors, should have been sustained. It is, as contended by appellants, generally true that receivers are appointed only at the suit of judgment creditors, or creditors who have an express lien on the property of their debtor; but this, as will be seen from cases cited further on, is not universally so. While courts of equity rarely take from the possession and control of the owner his property at the suit of a creditor who neither has an express lien upon the property nor whose debt is not evidenced by a judgment against the debtor, it is believed that where the debt is due from a partnership, and the partnership has been dissolved by the death of one of the partners, and the partnership property is in the possession and control of the surviving partner, or partners, courts of equity treat the property as a trust fund in which the creditors have an equitable or quasi lien, and for misconduct of the surviving partner, who is a trustee, the creditors may have the property placed in the hands of a receiver and the business of the dissolved partnership wound up under the supervision of the court. In this case the defendant Byrne was charged with colluding with the plaintiff, Mrs. Buckley, to defraud the creditors of himself and his deceased partner; he was also charged with wasting the assets of the firm. These allegations, it would seem, if true, are ample to authorize the appointment of a receiver. Vide Pomeroy's Eq., sec. 1046; also Story's Eq., secs. 835, 836; 1 Md. Ch. Decis., 489; Rosenberg v. Blondheim, 2 Md., 365, 376; Cohen v. Myers, 42 Ga., 46; Hagerty v. Pittman, 1 Paige (N. Y.), 298.

The second and third assignments of both appellants are identically the same, and both are, we think, without merit.

The allegations in the petition complained of under the special exceptions of the appellants, as not sufficiently specific or positive, are, we think, sufficient in each particular.

Both appellants assign as error the refusal of the court to vacate, upon their motions, its order appointing a receiver. The court, as it was proper for it to do, declined to appoint a receiver until after notice to the defendants to appear and show cause why the application should not be granted. The defendants did appear, and each answered the application, and upon the hearing thereof the application was granted, and we must presume it was granted after evidence offered in support of the allegations of the petition; but what the evidence was we are not advised.

Under the answers made by the defendants to the order to show cause why the application for a receiver should not be granted, the court should not have granted the application without proof of the material allegations upon which the application was based, and if defendants objected to the order granting the application, they should have excepted to it, and perfected an appeal therefrom, when it would have been the duty of this court to have rendered a decision as early as practicable; but having declined to appeal from the interlocutory judgment, we are unable to determine whether the order appointing a receiver was erroneous or not. The grounds urged in the motions for vacating the order are the same, with one exception, as those upon which the defendants' demurrers to the petition were based; and their demurrers, we have held, were properly overruled by the court. The additional ground urged by the defendant, Mrs. Buckley for vacating the order was, that she had acquired a lien upon the property prior to the plaintiffs' application for the appointment of a receiver. The fact that a lien had been acquired upon the property by Mrs. Buckley would not necessarily prevent the appointment of a receiver of the property; nor was the taking into his custody, by the receiver, the attached property, necessarily injurious to the rights of the holder of the lien.

We therefore conclude that there is nothing in the motions for vacating the receivership which would justify us in holding that the court erred in refusing the motions. Every presumption must be indulged in support of the order appointing the receiver, and while such appointments should never be made unless the evidence adduced clearly shows that the complainant will be likely to suffer loss unless a receiver be appointed, the matter rests largely in the discretion of the court, and unless it is plain that that discretion has been abused, an appellate court, after final trial of the cause, should not reverse the judgment, even if it be of opinion that there was error in appointing a receiver. As we have said, we are not advised what evidence was offered by the plaintiffs in support of their application for a receiver at the hearing of the application, but if the facts developed upon the trial of the cause were before the court when the application was heard, we are not prepared to say that there was error in granting the application.

The fifth assignment of the appellant, Mrs. Buckley, assails the action of the court in charging the property covered by her attachment with the costs incurred in the management, protection, and sale of the same by the receiver after the court had held that the appellant had, by virtue of the levy of her attachment, acquired a prior and superior lien on the property to that of the appellees. There was no error in charging the property with its proportion of the receiver's costs, if the court was justified in appointing a receiver. But inasmuch as the plaintiffs failed to establish the charge of collusion between the appellants, and as the court, as we think, correctly held her attachment lien superior to that of the appellees, the difference between the costs of conserving and disposing of the property by the sheriff, under the levy, and the costs incurred

about the property by the receiver, if any difference there was, should have been adjudged against the appellees. This was not the motion of the appellant, and if there was error committed by the court in this particular, this court, in the present state of the record, can not correct the error.

Both appellants complain of the allowance by the court of an attorney's fee, to the plaintiffs, of $250. This was taxed as part of the costs incurred by the original plaintiff, who sued for himself and his coplaintiffs, for the purpose of preserving a fund upon which they claimed a lien. This allowance was charged against that portion of the property not covered by the attachment. In this, we think, there was no error. The property was a trust fund, and as such was subject to the necessary expense incurred in preserving it from waste or misappropriation by the surviving partner of the dissolved partnership. See Internal Fund, etc., v. Grunough, 105 U. S., 527; Strong v. Taylor, 82 Ala., 213; Morton v. New Orleans, etc., 79 Ala., 590.

The cross-assignments of the appellees, we are of the opinion, are without merit. There was no error under the facts in holding the levy of the attachment of Mrs. Buckley valid, notwithstanding the discrepancy between the amount actually due, as developed by the evidence upon the trial, upon the notes sued on, and the amount alleged to be due in the affidavit, upon which the attachment issued; and the attachment levy being good, the court properly held the lien of Mrs. Buckley was superior, and that the proceeds of the property covered by it should be applied to the payment of her debt, to the exclusion of the claims of appellees. The appellees admitted that the amount sued for by Mrs. Buckley, less the credits to which the notes were shown to be entitled, was justly due her from the firm of Byrne & Jones, and if so, she was properly permitted by the court to participate in the distribution of the moneys arising from the sale of the property not attached by her. It was clearly her right to resist the efforts of the appellees to deprive her of her attachment lien, and in doing so she forfeited her right to no part of the trust fund. This court discovers no error in the record, and the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

The opinion rendered upon the decision of this appeal, in its statement of the case, recites that the appellant Buckley moved the lower court to retax the cost, as to the item of $543.92, allowed the receiver out of proceeds of property other than that attached by appellant. This recital is erroneous. The motion to retax this item stated that the sum of $543.92 was allowed the receiver out of proceeds of the sale of the property attached by the appellant Buckley. We therefore, at the request of appellant, here correct this misstatement of her motion to retax.

*Ordered accordingly.*

Writ of error refused.