Rachel B. Ross,

*vs.*

South Delaware Gas Company.

*Sussex, Jan.* 17, 1914.

A trust estate must, as a rule, bear the expense of its administration; and where one of a number of parties having a common interest in a trust fund takes proper proceedings, at his own expense, to secure it from destruction, he is entitled to reimbursement for his expense for legal advice, either from the fund itself, or by contributions from the beneficiaries of his efforts; and the same rule is applied to creditors' suits, where a fund is realized by plaintiff's diligence.

Where a creditor of an insolvent company sues for the appointment of a receiver and to wind up the corporate affairs, compensation will be

allowed his attorney for services rendered in the receivership suit, to be paid from the fund in the hands of the receiver, provided the attorney's services are beneficial to the other creditors.

Where the stockholder of a gas company instituted suit for the appointment of a receiver, and the assets of the company were converted into money by the receiver for distribution among bondholders, the expenses incurred by such stockholder for legal services in instituting the receivership proceeding should be paid out of the fund received for distribution among the bondholders.

Action by Rachel B. Ross against the South Delaware Gas Company for the appointment of a receiver. On petition of complainant's counsel for the allowance of compensation for services rendered in the action.

The facts appear in the opinion.

*Andrew J. Lynch*, for the petitioner.
*Albert F. Polk*, for the receivers.

THE CHANCELLOR. The solicitor for the complainant in this cause has presented a petition asking that he be allowed compensation for legal services in instituting the suit for the appointment of the receivers. The South Delaware Gas Company was a public service corporation, engaged in the business of supplying gas to three towns. Its manufacturing plant was much out of repair, and almost unfit to be operated, and the company had not sufficient funds for its operation. The assets consisted of some real estate containing the manufacturing plant for manufacturing and storing gas, and service pipe lines, and as it turns out, were insufficient to pay the creditors, and insufficient even to pay the holders of bonds issued by the company, payment of which was secured by a mortgage made by the company upon practically all of its assets. Under such circumstances a stockholder, who was also manager of the company, and whose husband was a holder of a large number of bonds of the company, employed the petitioner, a solicitor of this court, to institute, by bill, a suit for the appointment of a receiver for the company, which was done, the solicitor drafting the bill for the purpose. After-

wards, an answer of the company admitting the allegations of the bill having been filed, receivers were appointed, took possession of the property and assets, operated it for a short while under order of the Chancellor, expended moneys borrowed on receiver's certificates for the operation of the plant, and also for repairs imperatively necessary. Afterwards the receivers sold the plant to a committee representing the bondholders, and all the bonds of the company have been filed and proved in this cause as claims against the fund realized from the sale. The amount bid for the property by the representatives of all bondholders was much less than the amount due upon the bonds. The purchasers paid a part of the purchase money in cash, and, by order of the Chancellor, deposited their bonds in payment of the balance of the purchase money. All of the bondholders will participate in the distribution. The fund so paid in by the bondholders is sufficient to pay the costs of the receivership and all expenses of the administration, including compensation to the receivers and their counsel, and the solicitor for the petitioner, if such may be allowed. The amount asked for by him is the sum of $200.

The first question to be considered is whether the solicitor for the complainant is entitled to be paid from this fund any compensation for his services. So far as I know, this is the only cause in which the question has arisen in this State, and there is no reported decision on the subject. The principle of allowing in some cases costs against a party as between solicitor and client, including counsel fees for services rendered to the successful party, is well established. It is a general principle that a trust estate must bear the expense of its administration. Where one of many parties having a common interest in a trust fund, at his own expense, takes proper proceedings to secure it from destruction, or to restore it for the purposes of the trust, he is entitled to reimbursement for the expense of legal advice, either out of the fund itself, or by proportionate contributions from those who have the benefit of his efforts. The same rule is applied to creditors' suits where a fund has been realized by the diligence of the plaintiff. *Trustees v. Greenough*, 105 *U. S.* 527, 533; *Seligman v. Saussy*, 60 *Ga.* 20, 25. In the case of

*Thompson v. Cooper*, 2 *Col. C. C.* 87, 90, Vice Chancellor Knight Bruce said:

"Having come in and proved and obtained the benefit of the suit which was instituted on their behalf, as well as that of the plaintiff, it cannot be just that in such a suit—a suit instituted for the benefit of all the creditors—one alone should bear the burden, when others have the benefit."

In the case of *Strong v. Taylor*, 82 *Ala.* 213, 2 *South.* 760, a creditor had filed a bill on behalf of himself and all other creditors who should come in, and asked by his bill that the court of equity take jurisdiction of an assignment made by an insolvent debtor of the defendant for the benefit of his creditors, so that the assignee should be required to give bond and that the estate of the insolvent should be administered by the court. This bill was answered by the assignee, who acquiesced therein, and the property was administered by the equity court. It was held that the creditors who came in and proved their claims were required to contribute to the fees allowed to the solicitor for the complainant, and could not be heard to say that the bill was unnecessary or unprofitable. After stating that ordinarily there should be some estate, or fund, discovered, or rescued, which would otherwise be beyond the reach of the parties interested, and that while they should not be required to contribute to the expense of a barren litigation, still those creditors who came in and proved their claims in the cause thereby assumed that the proceeding was beneficial. Allowances of this kind are limited to cases where there is a benefit resulting equally to all having a common interest, and of which all must necessarily benefit themselves. The general principle is thus stated by the court:

"On a creditors' bill, or a bill filed by a *cestui que trust* to rescue trust property, the fees of the solicitor for the complainant accruing in the preparation and conduct of the suit to a decree of condemnation, or of rescue and restoration, as the case may be, will generally be charged on the fund; for, to this extent, the others having similar interests proportionally avail themselves of his labor, skill and diligence in discovering. and making it available."

In the case of *Trustees v. Greenough, supra,* the court speaks of it as being a common practice in the courts of the United States and in the states to make allowances for expenses and counsel fees for the trustees, or other parties, who are in litigation to foreclose the railroad mortgage and secure the application of the property to the trusts and charges to which it was subject.

In the case of *Tompkins Co. v. Chester Mills,* 90 *Fed.* 37, which was a creditors' suit for the conservation and distribution of the assets of an insolvent corporation, Judge Simonton made an allowance to the solicitor for the complainant for services in filing the bill. The receiver was appointed in this suit and the estate was administered by the receiver. In that case the trustee under the mortgage given to secure bonds could not act, nor could the bondholders. Only creditors with unsecured debts could institute the proceeding at the time it was instituted. The court said:

"The complainants acted, filed this bill, and set the machinery of the court in operation, which led up to the inevitable result. All partake in the result. All stood by and acquiesced. Under these circumstances the complainant is entitled to a contribution out of the fund towards its expenses,—contribution, not compensation, for no fund was created. Nor can this contribution be large, for it is paid at the expense of a record lien, upon which is cast all the expenses of this suit."

It may fairly be said that the following rule is well established, namely: Where a creditor of an insolvent company brings an action for the appointment of a receiver, and to wind up its affairs, compensation will be allowed to his attorney for services rendered in bringing such suit for the appointment of a receiver, the same to be paid from the fund in the hands of the receiver, provided such services prove beneficial to the other creditors. See note, 54 *L. R. A.* 823, and many cases there cited. This is on the analogy of a creditors' suit, and in this State the proceedings for the appointment of a receiver to administer the estate of an insolvent corporation, where there is no other equity than insolvency, are very like a creditors' bill. The courts even in the cases of *Kelly v. Mountain City*

*Club*, 101 *Tenn.* 286, 47 *S. W.* 426, and *Hubbard v. Camperdown*, 25 *S. C.* 496, 1 *S. E.* 5, apparently *contra*, would probably have made allowances to counsel as here asked for under the facts here presented.

Applying these principles to the case under consideration, it is evident that a suit instituted by the complainant, whereby receivers were appointed and the assets of the company converted into money for distribution among the persons entitled to participate in the distribution of the fund, was for the benefit of all who shall participate in such distribution. The mortgaged property was protected for the bondholders by the receivers. The fund for distribution belongs to the holders of the bonds, and all of the bonds have been proved in this case, and the holders thereof claim participation in the fund for distribution. Presumably, then, this suit, instituted by the complainant, was beneficial to them. Therefore, it is equitable and right that the complainant should not be put to the cost of paying for the legal services of the solicitor in instituting this suit. This conclusion accords with the view of this court in *Central, &c., Co. v. Chester County, &c., Co.,* 9 *Del. Ch.* 247, 80 *Atl.* 801.

An allowance will, therefore, be made to the solicitor for the complainant for his services in drafting and presenting the bill and obtaining a decree for the appointment of the receiver. The amount so allowed will be moderate, as the services rendered do not extend beyond the appointment of the receiver.