STATE, EX REL. KINDER, PROSECUTING ATTORNEY, *v.*
SKINNER ET AL.

[No. 11,754.   Filed February 1, 1924.]

1. RECEIVERS.—*Sale of Assets.*—*Lien of Taxes.*—Where a receiver sold assets of the receivership, but subject to the liens thereon, the lien of the State for taxes on the property sold was not affected thereby, and after the sale, the county treasurer could levy on such property in satisfaction of said lien. p. 72.

2. RECEIVERS.— *Expenses of Receivership.*— *Priority.*— The expenses of a receivership, including allowances to the receiver and his counsel, are a first lien on the assets thereof, superior to the lien of the State for delinquent taxes.   p. 74.

From Porter Circuit Court; *Charles E. Greenwald,* Judge.

Action by the State on the relation of Kinder, Prosecuting Attorney, against Paul R. Skinner and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Bruce & Bruce,* for appellant.
*Roe & Petersen,* for appellees.

ENLOE, J.—On and for some time prior to November 2, 1921, one Steve Emplom was engaged in business in Lake County, Indiana.   On said mentioned date, said Emplom was, on petition duly filed in that behalf, adjudged to be insolvent, and the appellee, Paul R. Skinner, duly appointed as receiver for his property.   The said receiver at once made his bond, in the sum as fixed by the court, with the other appellees herein as sureties thereon, and at once entered upon his duties as such receiver.   Prior to the filing by the receiver of his inventory of property coming into his possession, he, upon the order of the court which had appointed him as such receiver, turned over and delivered to one William Badner, and to one Margaret Emplom, certain

goods which had been, at the time said receiver was appointed, in the possession of said Steve Emplom. The receiver proceeded to sell the residue of the goods coming into his hands and realized therefor the sum of $155.47. On May 17, 1922, said receiver filed his final report in said cause, as such receiver, in which he accounted for the expenditure of all of said funds so coming into his hands—the whole of said sum being consumed in costs of said receivership, and in court costs. This said report was duly approved.

On August 15, 1922, the treasurer of Lake County made a demand upon said Steve Emplom and upon Willis E. Roe, one of the appellees herein, and who was one of the attorneys for said receiver in said receivership matter, for the payment of delinquent taxes, against said Emplom, in the sum of $35.34, and payment thereof refused. Thereafter, about September 12, 1922, the treasurer of Lake County filed, and presented to the court which had appointed said receiver, a petition addressed, "To the Honorable Allen Twyman, Judge City Court of East Chicago, Indiana," wherein he asked said court to order said receiver to pay to said petitioner the sum of $52.13, alleged to be due on account of delinquent taxes of said Emplom. No final action by said court has ever been taken on said petition.

This action was brought against the receiver and his bondsmen to recover said taxes, penalty, attorneys fees and costs. The alleged breach relied upon being 1. the failure of the receiver to pay said taxes, so assessed against said Emplom, and which were a lien upon the goods so passing into the hands of said receiver. The facts as above set forth are gleaned from the complaint filed herein, to which a demurrer was sustained. This ruling is the only question presented on this appeal.

It will be noted that said goods were not sold by the

receiver *free from all liens,* and that the treasurer, upon the record before us might have, at once, after said sale, levied upon said goods in satisfaction of said lien. The lien for taxes unpaid was in no way affected by said sale. *Mesker* v. *Koch, Treas.* (1921), 76 Ind. 68; *City of Logansport* v. *McConnell* (1890), 121 Ind. 416, 23 N. E. 264.

It will also be noted that, upon the record, the treasurer did not "file exceptions to said report," prior to the approval of the same, and thus present the question involved in this case squarely to the court, but waited until after said report had been approved, and then filed the aforementioned petition addressed to the judge of said court. Although the question is only thus indirectly presented, we shall consider it. The controlling question then simply is this: under the facts of this case, Who are entitled to priority of payment out of said fund, the court and its officers for their legal fees and charges, or the representative of the state, the county treasurer, for taxes due and delinquent?

In the case of *Knickerbocker* v. *McKindley, etc., Co.* (1898), 172 Ill. 535, 50 N. E. 330, 64 Am. St. 54, it was said: "When it becomes the duty of a court of equity to take property under its own charge, through a receiver, the property becomes chargeable with the necessary expenses incurred in taking care of and saving it, including the allowance to the receiver for his services. He is the officer and agent of the court, and not of the parties; and it is a right of the court, essential to its own efficiency in the protection of things so situated, to keep them under its control, until such expenses and allowances are paid, or secured to be paid." In the case of *Petersburg, etc., Co.* v. *Dellatorre* (1895), 70 Fed. 643, 17 C. C. A. 310, the court said: "We consider the allowance as compensation to the receiver and his solicitors as part of the taxable costs in the case, and,

as such, is preferred to the receiver's certificates, and entitled to prior payment."

If courts appointing receivers to take charge of property, particularly in the case of insolvents, could not be secure in the matter of costs and expenses incident to the care of such property, it would greatly hamper them in the exercise of their jurisdiction; men would not consent to give their time and services to the management of such property if the *corpus* thereof might be taken from them to satisfy some lien thereon to them unknown, and they be left entirely unremunerated for services rendered. The trial court did not err in sustaining said demurrer.

Judgment affirmed.

McMahan, J., not participating.