Hillsborough, March 5, 1940. } No. 3132.

PETITION OF NEW HAMPSHIRE STRUCTURAL STEEL CO. & a.

*Maurice A. Broderick*, by brief, for the receiver.

*William H. Craig*, City Solicitor, by brief, for Manchester.

ALLEN, C. J. The order was proper. What the situation would be if the insolvent's property which passed into the receiver's charge had been subject to a statutory lien, need not be considered, since no such lien existed. No rule of priority as the equivalent of a lien

is applicable. "When it becomes the duty of a court of equity to take property under its own charge, through a receiver, the property becomes chargeable with the necessary expenses incurred in taking care of and saving it, including the allowance to the receiver for his services. He is the officer and agent of the court, and not of the parties; and it is a right of the court, essential to its own efficiency in the protection of things so situated, to keep them under its control, until such expenses and allowances are paid or secured to be paid." *Knickerbocker* v. *Company*, 172 Ill. 535. To the same effect is the case of *State* v. *Skinner*, 81 Ind. App. 71, in which, as here, priority over the receivership expenses of a claim for taxes assessed prior to the receivership was denied. Other authority is in accord. *Bauer* v. *Company*, 274 Pa. St. 165; *City Bank* v. *Bryan*, 76 W. Va. 481, 485; *New Jersey* v. *Lovell*, 179 Fed. 321; *Chesapeake &c. Co.* v. *Company*, 62 N. J. Eq. 751; *Re Atlas &c. Co.*, 19 N. Y. App. Div. 415; *Bugbee* v. *Mills*, 45 R. I. 56.

*Order affirmed.*

All concurred.