## ROBERT H. NESBIT
### *vs.*
## ROSE-HURST FARMS, INC.

Superior Court    New Haven County    File No. 38363

MEMORANDUM FILED OCTOBER 23, 1940.

*William L. Beers*, of New Haven, for the Receiver.

*Joseph Weiner, Thomas J. Ryan,* and *Benjamin F. Goldman,* all of New Haven, for the motion.

INGLIS, J. The attorneys making this application are not those who represented the plaintiff in this action. It was not their services which led directly to the preservation of the assets of the defendant corporation by the appointment of the receivers. What they did do was to force certain creditors who had received preferences to relinquish the preferences and come into the receivership as general creditors. The claims of those creditors who were forced to give up their preferences amount to nearly two-thirds of the amount of all of the general claims presented. Accordingly, this is not a situation in which the services of these attorneys have benefitted all of the creditors but rather one in which they have benefitted one-third in amount of the general creditors. The other two-thirds in amount of those who are now general creditors have been harmed by those services. It clearly would be inequitable to make those who have been harmed by the services pay for two-thirds of the expense thereof.

It is said in *Ross vs. South Delaware Gas Co.,* 10 Del. Ch. 236, 240, 89 Atl. 593, 594: "It may fairly be said that the following rule is well established, namely: Where a creditor of an insolvent company brings an action for the appointment of a receiver....compensation will be allowed to his attorney for services rendered in bringing such suit....the same to be paid from the fund in the hands of the receiver, *provided such services prove beneficial to the other creditors.*" (Italics added.)

And in 53 C.J. Receivers, §508, in speaking of allowances to be made out of receivership assets to attorneys whose services have resulted beneficially to the estate as a whole, it is stated: "In the case of a creditor it is the fund which is applied to the satisfaction of the claims of the creditors of the same class, out of which this charge is allowed."

In this case therefore, it is clear that the allowance applied for should not be made to be paid out of the general assets of the receivership. To do so would put it in ahead of possible future receivership expenses. And, more than that, it would be charging one class of creditors, *i.e.* those who lost their preferences, for the services of attorneys which resulted to their detriment. If the allowance is to be made at all, it should be made out of that portion of the fund which may later become ready for distribution to all of those creditors who shall have reaped the benefit of the services.

The application for allowance to Messrs. Weiner, Goldman and Ryan for their services and disbursements as attorneys for various creditors is denied.